KLEIN, J.
Detectives for the City of Hallandale, which is in Broward County, arrested defendant just over the border in Dade County, for a traffic violation they observed in Broward. They failed, however, to comply with a statute providing that a person arrested under such circumstances shall be immediately taken before a judge of the county in which the arrest is made. After finding narcotics, the detectives took the defendant back to Broward to be booked. We hold that the violation of the statute does not require suppression of the contraband produced by the search of appellant’s person or vehicle.
The detectives observed the defendant’s traffic infraction in Hallandale and followed him, but because of heavy traffic, they were unable to pull him over for a traffic stop until he had crossed over the county line into Dade County. Defendant consented to a search, narcotics were found, and defendant was arrested.
Section 901.25(3), Florida Statutes (2003) provides:
If an arrest is made in this state by an officer outside the county within which his or her jurisdiction lies, the officer shall immediately notify the officer in charge of the jurisdiction in which the arrest is made. Such officer in charge of the jurisdiction shall, along with the officer making the arrest, take the person so arrested before a trial court judge of the county in which the arrest was made without unnecessary delay.
Defendant filed a motion to suppress grounded on the fact that he had not been taken before a Dade County judge, as the statute requires, and the trial court denied the motion. Defendant appeals, but has cited no authority on point. The state relies on an opinion of the circuit court for Pinellas County sitting in its appellate capacity. State v. Yettaw, CRC 00-19056 *782 CFANO (Fla. 6th Cir.Ct. Oct. 5, 2001).[1] The three judge appellate panel in Yettaw concluded that the purpose of the statute is to ensure that defendants are not held for an unreasonable time after arrest, and found that the defendant in that case was not held for an unreasonable time. The court held that the violation of the statute did not affect the validity of the arrest.
In this case the defendant does not argue that the violation of the statute resulted in a delay or any other type of prejudice. Nor did it relate to the narcotics which were found. We agree with Yet-taw’s construction of the statute, and conclude the evidence should not be suppressed. We have considered the other issues raised by the defendant and find them to be without merit.

Affirmed.

SHAHOOD, J., and REYES, ISRAEL U., Associate Judge, concur.

. The decision of the Sixth Circuit is available on the Internet at http://www/jud.6.org under the tabs "Legal Community” and "Opinions.”